# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL ALEXANDER WOOD, | Civil Action No. 16-5347 (PGS) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| MONMOUTH COUNTY, et al., | |
| Respondents. | |

This matter comes before the Court on a Complaint filed by Michael Alexander Wood, seeking to invalidate a prior criminal conviction by the State of New Jersey, the sentence for which Wood has already served. In the Complaint, Wood does not seek monetary damages. As such, the Complaint is more properly construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Also before the Court is Wood's *in forma pauperis* application, ECF No. 1-1, which the Court grants here.

However, Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* ... shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for § 2254 petitions, *i.e.*, AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014)—the form used by Petitioner does not include a declaration that the Petition contains all the grounds for relief that Petitioner is raising, and that he understands the failure to set forth all grounds may bar him from presenting additional grounds at a later date.

IT IS therefore on this __17__ day of __April__, 2017,

ORDERED that Petitioner's application to proceed *in forma pauperis* is hereby GRANTED; it is further

ORDERED that the Clerk shall change the cause of action of the suit to "28:2254 Petition for Writ of Habeas Corpus (State)" and the nature of suit to "530 Habeas Corpus (General)"; it is further

ORDERED that the Petition shall be filed; it is further

ORDERED that the Clerk shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs[.]"); it is further

ORDERED that the Clerk of the Court shall forward Petitioner a blank Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus – AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014); it is further

ORDERED that if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order upon Petitioner by regular mail.

_____
Peter G. Sheridan, U.S.D.J.